GAUDIN, Judge.
This is an appeal by Mireya Ponce Ziifle from a July 18, 1991 judgment of the 24th Judicial District Court which refused to annul two prior judgments dated June 30, 1980 and May 15, 1981. We reverse.
The June 30, 1980 judgment without question was taken by default after an answer had been filed. This judgment is an absolute nullity. See LSA-C.C.P. art. 2002(2). An action to annul such a judgment may be brought at any time.
The judgment of May 15,1981 is in favor of the succession and against Mrs. Ziifle in the sum of $26,625.00.
Following the inadvertently taken judgment of June 30, 1980, a “Rule for Writ of Distringas” was filed on August 18, 1980. The rule stated:
I.
“On the thirtieth day of June, 1980, judgment was rendered and signed in the above entitled and numbered proceedings ordering Mireya Ponce Ziifle, defendant therein *777 to: “render an accounting of the community property and of the community funds expended on her separate estate” and also ordering a partition of the community property formerly existing between the decedent and Mireya Ponce Ziifle.
II.
“Defendant Mireya Ponce Ziifle, was notified through her counsel of record of the judgment and demand was made upon her to comply with said judgment. Defendant has refused or neglected to comply with said judgment.
III.
“The executor desires to obtain an order to distrain all of the property, movable or immovable, of the said Mireya Ponce Ziifle, who is in default until she shall have complied with said judgment.
IV.
“In addition thereto, plaintiff desires that this honorable court should adjudge Mireya Ponce Ziifle, defendant herein, in contempt of court for disobeying its order.”
Obviously, this rule was based on and related to the June 30, 1980 judgment. If the June 30, 1980 judgment had not been entered, the rule would have had no validity.
Nonetheless, the rule was taken up on September 5, 1980. Neither Mrs. Ziifle nor her attorney, Arthur Dumaine, was present. The judgment, signed November 19, 1980, stated in part:
“IT IS ORDERED by the court that the rule be made absolute and that the sheriff of the Parish of Jefferson be ordered to distrain all the property, movable and immovable of Mireya Ponce Ziifle, defendant in rule in this succession, until she shall have fully satisfied the judgment rendered herein on June 30, 1980.”
A “Rule to Show Cause” was filed on February 11, 1981, also based on and related to the June 30,1980 default judgment. The rule, in part, stated:
I.
“Defendant, Mireya Ponce Ziifle, has been ordered to render an accounting by judgment dated June 30, 1980.
II.
“Defendant has failed to comply with said judgment and as a result a Writ of Distringas has been issued against defendant by judgment dated November 19, 1980.”
This rule was heard on March 31, 1981. Judgment was signed on May 15, 1981.
As the June 30,1980 judgment is an absolute nullity, all of the subsequent judgments relying on the validity of the June 30, 1980 judgment must also be voided and set aside, including the May 15, 1981 judgment.
Appellant also attacks the May 15, 1981 judgment because of vices of substance. There is no reason for this Court to rule on this possibility because the May 15, 1981 judgment is null because of its procedural connection to and reliance on the June 30, 1980 judgment.
The succession is to bear costs of this appeal.
REVERSED AND REMANDED.